J. Clayton Miller, H. C. Johnson and Chas. H. Miller, partners, doing business as Clayton Electric Company, now for use of The Clayton Electric Company of West Virginia, *v.* The McKeesport and Wilmerding Railway Company, appellant.

*Contract—" Excavated and prepared "—Expert testimony—Meaning of technical terms.*

Plaintiff agreed in writing to furnish the materials and build an electric railway in a good, substantial and workmanlike manner, and deliver it to the defendant " complete and ready for operation." The defendant was

to deliver the ties, and the roadbed was to be "excavated and prepared" by the defendant. There was no express provision in the contract in regard to ballasting the road. *Held*, that the defendant could prove by expert testimony that the meaning of the words "excavated and prepared" as used in the contract was not such as imposed upon it the duty of ballasting the road.

Argued Oct. 29, 1896. Appeal, No. 66, Oct. T., 1896, by defendant, from judgment of C. P. No. 2, Allegheny Co., January Term, 1894, No. 756, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a contract to build an electric road. Before WHITE, J.

At the trial it appeared that plaintiffs agreed in writing "to furnish at their own proper cost and expense all the necessary materials, labor, tools, etc., to construct, build and complete in a good, substantial and workmanlike manner an electric railway between the city of McKeesport, Penn'a, and the Pennsylvania railroad station in the borough of Wilmerding, Pa., over and upon the roadbed excavated and prepared by said first party," and "All T rails must be spiked in a substantial and workmanlike manner on ties, to be delivered along line of said first party" (the McKeesport & Wilmerding R. W. Co.).

A question arose between the parties as to the ballasting of the road, and the plaintiff refusing to do it, the defendant did it, at an expense of about $3,000.

When Frederick Patterson, a witness for defendant, was on the stand, he was asked this question:

"Q. A contract, providing for the construction of a railroad over and upon a roadbed, excavated and prepared—What is the meaning of the term 'excavated and prepared' as applied to the roadbed?"

Objected to as incompetent and irrelevant.

By the Court: I cannot see the relevancy of this unless it may bear upon the other question as to leaving it in good condition. Will you please state the purpose of this?

By Mr. Rodgers, of counsel for defendant: The purpose of this question is to show the duty upon the plaintiff company under this contract. The agreement of the defendant was to

excavate and prepare the roadbed and distribute the ties and no more, and the duty of the plaintiff was to furnish at their own proper cost and expense all the necessary materials, labor, tools, etc., to construct, build and complete in a good, substantial and workmanlike manner an electric railway, to be completed by the plaintiff and ready for operation by a certain time.

By the Court: In brief it is that the ballasting of this road was the duty of the plaintiff.

By Mr. Rodgers: Yes, sir.

By the Court: The object as stated in this offer is to show that the plaintiffs were bound to ballast the road after the tracks were laid. I think it will have to be a question for the court upon the written contract between the parties, and I don't believe that any expert testimony is competent, but I cannot see that there is any ambiguity in the written contract. The plaintiffs covenanted to do certain things preparatory to their work. The defendant covenanted to do the excavation and prepare the bed of the road. I do not understand anything in the contract that requires the plaintiffs to do more than they expressly covenanted to do, nor do I understand it as limiting the defendant to simply excavating and preparing the roadbed. It would be something absolutely necessary, before the plaintiffs could proceed with their work, but what might be done and what might be necessary after the tracks were laid is not specified in the contract, and I think the fair presumption from the contract is that the plaintiffs could not be required to do anything more than they expressly covenanted to do. The clause in the agreement that they were to leave the track in good condition, ready for occupancy and ready for work, would be limited to what they expressly covenanted to do. [1]

Defendant's counsel now renews the offer, not limiting himself to the ballasting, but calling the attention of the witness to the question as to whether there should be levelling done when the ties are placed upon the roadbed; such levelling to give the rails the proper elevation at the curves and to take out inequalities, slight inequalities in the surface, and in the ties, and in that respect possibly requiring some ballasting under the ties, but not ballasting between the ties.

Objected to as incompetent and irrelevant. That the contract is not such an one as requires interpretation of experts;

and that the offer in another form is the same as the offer just ruled.

By the Court: I have no doubt that if there were any little defects in the roadbed, that the plaintiffs could not take advantage of that, and put down the ties in an irregular, improper way. The main point of this offer, I apprehend, is to raise the question as to whether the plaintiffs were bound to elevate the outside track on these curves. If the object is for that purpose, I think the objection would have to be sustained. The defendant was bound to make the roadbed ready for the ties, and if it required an elevation on the outside of the curves, I think the defendant was bound so to prepare the roadbed, but as I have intimated, if there were any little irregularities or defects, I have no doubt the plaintiffs would be required to correct them, and not take advantage of any little irregularity that would make the ties irregular. I cannot see that the expert testimony will throw any light on the written contract. That is for the court. Objection sustained. Exception and bill sealed. [2]

The court charged in part as follows :

[I might add one further remark for fear there may be a misunderstanding of it. During the trial I ruled that under the contract the plaintiffs were not bound to ballast the road, if I am wrong in that the Supreme Court will correct me, but the jury must take it as I ruled at the time ; that the plaintiffs could not be charged for not ballasting the road.] [3]

Verdict and judgment for plaintiffs for \$3,830.95. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) above instruction, quoting it.

*W. B. Rodgers,* with him *N. A. Means,* for appellant.—The expert testimony should have been admitted: McDonough v. Jolly Brothers, 165 Pa. 542.

*E. B. Vaill,* with him *E. Y. Breck,* for appellees.—This contract being plain and unambiguous on its face parol evidence was not admissible to vary its terms, and show that certain words possess a different meaning than that ordinarily given them: Wetherill v. Neilson, 20 Pa. 448.

In the case of McDonough v. Jolly Bros., 165 Pa. 542, cited by the appellant, it was shown that the words "beds of gravel, sand or other material," when used in a street paving contract, had a technical meaning in such contracts peculiar to that business. No such fact was shown in this case. Nor was there any evidence that the plaintiffs and defendant used them in any other than their ordinary sense; there had been no dispute as to their meaning.

OPINION BY MR. JUSTICE McCOLLUM, January 4, 1897:

The contract required the plaintiffs to furnish the materials· for and build in a good, substantial and workmanlike manner, an electric railway over and upon a roadbed excavated and prepared by the defendant. It called for the construction of a railway in the manner and under the conditions "specified therein," and authorized an inspection of the materials and work·by the engineers the defendant might employ or appoint for that purpose. The ties to be used in the construction of the railway were to be delivered by the defendant along the line of it. There was no express provision in the contract in regard to ballasting the road. The want of it led to this appeal. The defendant claimed that the plaintiffs were bound·by the contract to ballast it, while they claimed, and the court held, that they were not. The defendant offered to prove by the testimony of experts the meaning of the words "excavated and prepared," as applied to the roadbed, and used in the contract, but the offer was rejected on the ground that there was no ambiguity in them or arising from their use. These are the rulings of which the defendant complains. It is not denied that it is essential to the construction of a substantial railway that it should be well ballasted. But the court thought that inasmuch as this work was not expressly provided for in any of the plaintiffs' covenants it was not chargeable to them. The court did not expressly say the defendant was bound to do the work, but it said there was nothing in the contract "limiting the defendant to simply excavating and preparing the roadbed." While it seemed to recognize the duty of ballasting the road as imposed by the contract, it expressly decided that it was not laid by the contract upon the plaintiffs. It is clear that the defendant was not bound by the contract to ballast the road unless the ballast-

ing of it was included in its covenant to prepare the roadbed. If the defendant was not bound to ballast it we have, under the ruling of the court below, a contract in which neither party is required to do so, although the plaintiffs expressly agreed to furnish the materials and build the railway in a good, substantial and workmanlike manner and deliver it to the defendant ".complete and ready for operation." Manifestly, the parties contemplated the construction and completion of a good and substantial railway, and supposed they had contracted for one. All that the contract required the defendant to do was to prepare the roadbed and deliver the ties while the plaintiffs were required by it to furnish the materials and perform the work necessary to the construction and completion of the railway " ready for operation."

We think the defendant should have been permitted to show by the testimony of experts the meaning of the words " excavated and prepared " as applied to the roadbed and used in the contract. The offer to show it was directly in line with McDonough v. Jolly Bros., 165 Pa. 542. The specifications of error are sustained.

·· Judgment reversed and venire facias de novo awarded.    ' :